By the Court.*—Cardozo, J.
—Whatever may be our individual opinions, the constitutionality of the legal tender acts is not an open question in this State (Metropolitan Bank v. Van Dyck ; Meyer v. Rosevelt, 27 N. Y., 400). The point principally argued before us, was very carefully considered, though perhaps not directly involved, in Rhodes v. Bronson, 34 N. Y., 649. †
*248 The court of appeals discussed the law in two aspects : first, reading the condition of the hond without the words “lawful money of the United States” (which it hi fact contained); and secondly, including those words.
*249 Whether that case be treated as a direct adjudication only upon the construction and effect of a bond which contains the words “lawful money of the United States,” or whether it should be recognized as also establishing authoritatively the law applicable to a bond not containing those words, is not very material, because at all events the reasoning of the opinion upon the latter subject is convincing. We think the views it expressed upon ‘ that point entirely sound, and that it is superfluous either to repeat or attempt to add anything'to them here.
It only remains for us to apply them to the present case.
If by “gold coin,” a commodity, and not the currency of the country, was intended to be designated, then, as the bond was conditioned to pay a sum of money, viz : $4000 and interest, in a certain commodity, the tender of so much of that commodity as would at that time have produced in the market the sum of $4000 of lawful money land interest) would have discharged the bond.
Or, if the obligor did not tender the commodity, the damages recoverable would be the amount of the debt agreed to be paid, viz : $4000 and interest (see opinion, pp. «61, 652, 653).
The obligation in this- case is not to deliver or pay a specified quantity and quality of gold, but to pay a sum «ff money, viz : $4000. Whether it be paid in a commodity «w not, it is still to pay a certain sum of money. This is Pile distinction (Same case, p. 653). If the agreement had *250 Been to pay or deliver a certain quantity and quality of a commodity—gold coin, or anything else—upon failure to perform, the promissee might- recover the market value of the article at the time and place when and where it should have Been delivered, But when, as here, the agreement is to pay so many dollars, whether in a commodity or in money, the amount of money agreed to Be paid, and interest, is the only measure of damages for a Breach of the covenant.
Without giving the reasons which, in addition to the views expressed By Justice Smith, lead me to think that the parties to this Bond were contracting for the payment of money only, enough has Been said to dispose of the only points in this case calling for any remarks, and to show that the judgment Below was right, and should Be affirmed with costs.
Judgment affirmed.

 Present, Cardozo, Barnard, and Ingraham JJ.

 On the 15th of February, i860, the supreme court of the United States announced their decision in the case of Bronson v. Puhodes, brought before them on appeal from the court of appeals of this State.
This action was brought to redeem real property from the lien of a mortgage made and payable prior to the legal tender act of 1862, and which, by the terms of it, and of the bond, was payable in gold and silver coin, lawful money of the United States. The mortgagor, in 1865, tendered the amount due on the mortgage, in paper money, which he claimed, under the legal tender act of February 25,1862, was a legal tender. The mortgagee refused to receive paper money, claiming he was entitled to payment in gold and silver coin. The decision of the court of appeals is reported, sub nom. liodes v. Bronson, in 34 2V". T., 649.
*248 The supreme court held (reversing that decision) that a contract to pay a certain number of dollars in gold and silver coin, is not distinguishable, in principle, from a contract to deliver an equal weight of bullion of equal fineness ; and the currency acts could not be supposed to be intended to enforce satisfaction of any contract by the tender of depreciated currency equivalent only in nominal value to bullion; and that the bond was in legal import precisely what it was in the understanding of the parties, a valid obligation to be satisfied by the tender of actual payment according to its terms, and not by an offer of only nominal payment.
Without inquiring whether the clauses of the currency act making United States notes a legal tender were warranted by the constitution, in this case, the court declare that even assuming those clauses to be so warranted, a tender of notes was not a performance of the contract within the true intent of the acts, but that, upon a reasonable construction of the act, if must be held to sustain the proposition that express contracts to pay coin dollars, can only be satisfied by the payment of coin dollars.
Mr. Justice Davis concurred in the result, namely, that an express contract to pay coin of the United States, made before the legal tender act, was not within the clause of that act which makes treasury notes legal tender in the payment of debts, but stated that if there be any reason in the opinion of the majority which could be applicable to any other class of contracts, it did not receive his assent.
Mr. Justice Swayne concurred, resting his opinion entirely upon the language of the contract and the construction of the statute, deeming that the question of the constitutional power of Congress did not arise.
In reference to the form of judgment to be entered in such cases, the opinion of the court, delivered by the chief justice, contained the following directions:—
“ Some difficulty has been felt in regard to the judgment proper to be entered on contracts payable in coin. This difficulty arises from the supposi- / tion that damages can be assessed only in one description of money; but the act provides that ' the money of the coin of the United States shall be expressed in dollars, dimes, cents and mills, and that all accounts in the public offices, and all proceedings in the courts of the United States shall be kept and had in conformity to this regulation.’
“ This regulation is part of the first coinage act, and doubtless has reference to the coins provided for by it, but it is a general regulation, and relates to all accounts and all judicial proceedings. When, therefore, two descriptions of money are sanctioned by law, both expressed in dollars, and both *249 made current in payment, it is necessary, in order to prevent ambiguity, and to prevent a failure of justice, to regard this regulation as applicable alike to both, when, therefore, contracts made payable in coin are sued upon, judgment may be rendered for coined dollars and parts of a dollar, and when contracts have been made payable in dollars generally, without specifying in what description of currency payment is to be made, judgment may be entered accordingly, without such description.
“ Wehave already adopted this rule as to judgments for duties, by affirming the judgment of the circuit court for the District of California in favor of the United States for $1,388.10, payable in gold and silver coin, and judgments on contracts between individuals for the payment of coin may be entered in like manner.”